ALBERT HOSLEY v. JAMES W. BLACK AND WM. B. GARD-
NER, Trustees of School District No. 12 in the towns of
Almond and Hornellsville.

Although the technical rule is, that under a complaint setting out a contract,
and averring its performance by the plaintiff, evidence in excuse for non-
performance is not admissible, this rule is of very little consequence; for
the plaintiff may amend his complaint, and then give the evidence.

The count, of indebitatus *assumpsit* for work and labor, used prior to the code
of procedure, was always sufficient to authorize a recovery for work and
labor performed under a contract not under seal; unless the party per-
forming the work and labor had failed to fulfill the contract. And the code
has not changed the former rule of pleading, that a party who has wholly
performed a special contract on his part may count upon the implied as-
sumpsit of the other party, to pay the stipulated price, and is not bound
to declare specially upon the agreement.

Where a complaint showed upon its face that the action was brought against
only two of three trustees of a school district, but the defendants did not
demur to it on that ground, or raise the objection in their answer; *Held*,
that the objection that the third trustee should have been made a defend-
ant was therefore waived.

The rule is, that if an offer of evidence contains any matter not admissible
as evidence, the whole may be rejected.

THIS action was brought to recover for nine months' serv-
ices, rendered by the plaintiff (his wife assisting him) in teach-
ing a school, in school district No. 12, in the towns of Al-
mond and Hornellsville, at the price of fifty dollars per month
for the first three months, and sixty dollars per month for
the last six months. It was tried at the Allegany circuit in
March, 1858, when the plaintiff proved that he first taught
the school thirteen weeks, (his wife acting as assistant teacher,)
commencing April 21, 1855, not opening the school, however,
on any Saturday except the first, at the price, verbally agreed
upon, of $50 per month, and that he then closed the school
for a vacation, and made out a rate bill for that term for the
trustees, and at their request; that he (his wife acting as
assistant) taught the school six months more, at $60 per

month, pursuant to an agreement in writing, signed by the
trustees.   He commenced the last six months on the first
of September, 1856, and kept the school twenty-six weeks,
Saturdays excepted.   He gave evidence which authorized the
conclusion that the trustees consented that his time should
go on, counting Saturdays, though he did not open the school
on those days.   This evidence was objected to by the defend-
ants on the ground that it was not competent to show a
waiver of the performance of the contract under the allega-
tions of the complaint.   But the judge overruled the objec-
tion (the complaint containing the common counts,) and the
defendants' counsel excepted.

It appeared that the plaintiff's wife was absent Monday
mornings, washing until ten or eleven o'clock in the forenoon,
and "a few days while sick ;" that the plaintiff himself was
absent one day, attending a Buchanan mass meeting, and
two days before the board of supervisors as a candidate for
county commissioner of common schools, his wife keeping
the school in his absence.

The defendants and one Osgood were trustees of the school
district (as appeared by the testimony of the latter) until
the last Tuesday of September, 1856, when Washington
Richardson succeeded Osgood as trustee.   But at the time
the action was commenced, Richardson had moved to the
state of Ohio, and the defendants were then the trustees of
the district.

The nonjoinder of Richardson as a defendant in the action
was not set up in the answer; nor was any objection taken
in the answer that two trustees were sued alone, without the
presence of a third one.

When the plaintiff rested, the defendants moved for a non-
suit, on the ground that the plaintiff had failed to fulfill his
agreement to teach either the first three months or the last
six months; and also "demanded a dismissal of the action
on the ground that Thomas Richardson, the present trustee
in the district, should be brought in as defendant."   The

judge denied the motion, and the defendant's counsel excepted. No evidence was given that Thomas Richardson was a trustee of the district; and the case does not show that the plaintiff conceded that he was a trustee. The plaintiff testified, on his cross-examination, that the verbal agreement to teach the school the first three months was made about the 15th day of April, 1856; that after it was made, and before he commenced the school, a subscription paper was circulated by him and others about the district; which paper was as follows:

"Whereas it is necessary that a district school should be supported in school district number 12, in Almond village, the ensuing summer; and whereas the trustees of said district propose to employ A. Hosley and a competent assistant to teach said school, for three months, at $50 per month for said teacher and assistant, applying the remainder of the public moneys in payment thereof—remainder by rate bill; and whereas it is apprehended their attendance at said school may cause the said rate bill to be unreasonably onerous upon those who send regularly during said term; now, therefore, we the undersigned, inhabitants of said district, in consideration of the establishment of said school and the signing of this instrument, hereby agree with said trustees and with each other, that the rate bill may be made out against us for the regular daily attendance of the number of scholars, set by us opposite each of our respective names, during the whole of said term. This agreement to be of no effect unless scholars to the number of eighty be subscribed to this agreement. Dated April 20, 1856. Names. Scholars."

This agreement was signed by different inhabitants of the district; but only sixty-four scholars were subscribed for.

The defendants, under allegations in their answer, first offered to prove that the plaintiff admitted that he was not to have the school and no school was to commence until eighty scholars were signed to the written agreement for scholars circulated by him; that the terms of a scholar

Statement of Case.

should not be over $1.25 for said first term of three months; that he represented to each one of the patrons of the school, that such should be the price; there was to be no school until eighty scholars were signed; that in order to commence his school he had himself signed and would be responsible for eleven scholars to make up the number; that he stated to others while circulating the agreement, they need only to sign and he would clear them from any liability for the said subscription; that he only desired their names so as to induce others to sign. The case states, that "to each and every of which propositions, and each part thereof, the plaintiff objected severally, and each of said objections was sustained, and the defendants duly and severally excepted to said rulings and each of them."

The defendants secondly offered to show that it was a condition of the contract for the last six months that the teacher should keep up the school to eighty scholars for the first three months, and that by reason of the plaintiff's representation that the scholars attending had averaged eighty for the first three months, the trustees were induced to sign the written agreement to employ him for six months, and that in fact the number of scholars during three months was but thirty. This evidence was objected to by the plaintiff's counsel and excluded; and the defendants' counsel excepted.

The defendants' third offer was to prove that the said rate bill amounted to three dollars per scholar; that the plaintiff, in conversation with each of the patrons of the school, being inquired of by them as to the reason of their being compelled to pay $3 instead of $1.25 per scholar, as stated by him to them before the commencement of his second term, stated to them and each of them that when he procured their support to the school and signature to said paper for that purpose, that he did not intend to regard the same or carry out his said promises, but to induce them to support said school by any means whatever; that he intended to deceive

them; that he intended to be smart enough for the citizens of Almond, and meant to get them tight; that he had got their written contract, and they might help themselves; that all he intended was to get them fast, and he had got them; that the plaintiff, when called upon in public school meeting in relation thereto, made each of the above statements publicly to the patrons of said school; that in consequence of the conduct and language used by the plaintiff in relation to said inhabitants, they refused to send to the last term of said school, and thereby said school was of no benefit or advantage to said district; that each of said trustees, at the end of the plaintiff's first month, offered him payment for the time taught, and $50 besides, if he would discontinue the school; that he then stated to them and each of them that he was going according to law, and asked no odds of them. The case states, that to each and every of which propositions, and to every part thereof, the plaintiff objected; that the judge sustained the objections, and the defendants excepted to each of said rulings.

The counsel for both parties concurred that there was no question of fact for the jury, except as to the performance of the agreement, and no conflict of evidence as to that; and the defendants' counsel waived the right to submit that question to the jury, and the parties agreed that $404.38 was the amount remaining unpaid according to the agreement respecting the plaintiff's compensation; and the judge directed a verdict for that sum in favor of the plaintiff. To which direction the defendants' counsel excepted.

The defendants' counsel made a case containing the exceptions, on which he moved for a new trial at a general term of the Supreme Court in the eighth district; which motion was denied, and judgment was there rendered against the defendants for the amount of the verdict, with costs. The defendants appealed from the judgment to this court.

The case was submitted upon printed points and briefs.

*M. H. Wygant* and *E. Peshine Smith*, for the appellants.

*John K. Porter*, for the respondent.

BALCOM, J.   The objection to the evidence given by the plaintiff, to show that the defendants consented that Saturdays should be counted in ascertaining the length of time the plaintiff taught the school, was placed upon the ground that it was not competent to show a waiver of the performance of the contract to teach the school, under the allegation of the complaint.

The technical rule undoubtedly is, that under a complaint setting out a contract and averring its performance by the plaintiff, evidence in excuse for non-performance is not admissible. (*Oakley* v. *Morton*, 1 Kern. 25.)   But this rule is of very little consequence; for the plaintiff may amend his complaint and then give the evidence. (Code, § 173; *Dauchy* v. *Tyler*, 15 How. Pr. R. 399.)   It is true that he must submit to such terms "as may be proper;" but terms are not often imposed, for they are seldom necessary in the furtherance of justice.

In this case no amendment of the complaint was necessary to entitle the plaintiff to give the evidence excusing him from opening the school on Saturdays.   The complaint contains seven distinct claims or counts, three of which are similar in substance to the count of *indebitatus assumpsit* for work and labor, used prior to the code of procedure. That count always was sufficient to authorize a recovery for work and labor performed under a contract not under seal, unless the party performing the work and labor had failed to fulfill the contract.   (4 Wend. 285; 11 id. 479; 22 id. 576; 1 Cowen's Tr. 2d ed. 124; 2 id. 635, 1128.)   This court held, in *Farron* v. *Sherwood*, (17 N. Y. Rep. 227,) that the code has not changed the former rule of pleading; that a party who has wholly performed a special contract on his part may count upon the implied assumpsit of the other party to pay the stipulated price, and is not bound to declare

specially upon the agreement. The same rule was held in the following cases: *Allen* v. *Patterson*, (3 Seld. 476; *Ketteltas* v. *Myers*, (19 N. Y. Rep 231;) *Moffet* v. *Sackett*, (18 id. 522.)

The plaintiff taught the school thirteen weeks for the first three months, and twenty-six weeks for the last six months. This was time enough to make the two terms, construing the word month to mean a calendar and not a lunar month, as the statute seems to require. (1 R. S. 606, § 4.) The fact that the plaintiff's wife was absent Monday mornings washing till ten or eleven o'clock in the forenoon, and a few days while sick, and that the plaintiff himself was absent one day attending a Buchanan mass meeting, and two days before the board of supervisors as a candidate for county commissioner of schools, his wife keeping the school in his absence, was not a substantial breach, by the plaintiff, of the contract to teach either three months or six. This was a trifling matter. The school was kept during the time either the plaintiff or his wife was absent. Both were not away at the same time, and the attention of the judge was not particularly called to these absences at the trial; nor was it shown during which term they occurred. I am therefore of the opinion the judge was right in holding that the plaintiff performed the contracts on his part.

The defendants were the only trustees of the school district at the time the action was commenced; and there was no evidence given that Thomas Richardson had become a third trustee at the time of the trial, and it was not conceded by the plaintiff that he was such trustee. The complaint showed upon the face thereof that the action was brought against only two trustees. But the defendants did not demur to it on that ground, or object in their answer on that ground to the plaintiff maintaining the action. The objection that a third trustee should have been made a defendant was therefore waived. (Code, § 144; id. 147.)

The first offer of evidence by the defendants embraced

matters which were clearly inadmissible.    That the plaintiff
stated to others, while circulating the agreement in regard to
the number of scholars, that they need only to sign and he
would clear them from liability for signing, and only desired
their names so as to induce others to sign, was matter that did
not concern the defendants.    Every person who signed that
agreement bound himself, if at all, according to the terms of
it.    But a sufficient number of scholars was not subscribed
for, to make it operative.    The representations therefore made
to the person who signed it were wholly immaterial to the
defendants.    And the rule is, if an offer contains any matter
not admissible as evidence, the whole may be rejected.

The second offer contained the proposition that it was a
condition of the contract for the last six months that the
plaintiff should keep up the school to eighty scholars for the
first three months.    The contract for the last six months was
in writing, and no such condition could be engrafted upon it
by parol evidence.

The third and last offer contained this matter, namely:
That each of the trustees, at the end of the plaintiff's first
month, offered him payment for the time taught and fifty
dollars besides, if he would discontinue the school.    This cer-
tainly was not legal evidence against the plaintiff.

It is unnecessary to determine whether any portion of the
matter contained in the three offers made by the defendants
would have been admissible, if the same had been separately
offered; for each offer, as we have seen, contained matter
which was not legal evidence against the plaintiff.    And this
is a sufficient reason for sustaining the decisions of the judge
rejecting the whole of each offer.

I will add, that it does not appear by the case, nor was
there any offer to prove, that the defendants did not know
the number of scholars actually subscribed for upon the
agreement of April 20th, 1856, at the time they made each
of the contracts with the plaintiff to teach the school; and
without ignorance on their part respecting the number of

scholars actually subscribed for, no fraud could have been practiced on them by any false representations of the plaintiff as to the number so subscribed for.

My conclusion is, that no error was committed on the trial, and that the judgment of the Supreme Court in favor of the plaintiff should be affirmed, with costs.

DENIO, Ch. J., MARVIN, WRIGHT, DAVIES, ROSEKRANS and EMOTT, JJ. concurred.

SELDEN, J., read an opinion for reversing the judgment and granting a new trial, in which he held that some of the evidence offered by the defendants' counsel was improperly excluded.

Judgment affirmed, with costs.