SANFORD GARDNER Respondent, v. HIRAM W. BARDEN, Appellant.

The defendant, H. B., had executed his bond and mortgage for $2,000 to A. B., which was afterwards assigned by A. B. to T. E. B. and A. B., Jr. After the death of T. E. B., the mortgagor, H. B. procured the wife and son of T. E. B. to assign to him their interest in the said mortgage, upon the promise to pay them $1,000 for said assignment. All the debts of T. E. B. were paid. In an action by the assignee of the wife and son to recover the $1,000, *Held*, that the wife and son, being the distributees of the estate of T. E. B., could sell the substantial interest in the mortgage, and that their assignment was a sufficient consideration for the promise to pay the $1,000.

*Also*, that the consideration passing between T. E. B. and A. B., upon the transfer of the mortgage to the former, was immaterial, and could not be inquired into in the present action.

*Also*, that the declarations of T. E. B., or of the son, were not admissible in evidence against the present plaintiff. Such declarations are only admissible where the interests of the parties remain unchanged by the apparent transaction, and where an identity of interest exists between the assignor and assignee.

*Held, further*, that the assignment was valid and effectual, notwithstanding one object in making it was to enable the assignor to become a witness in the action. If it was the intent of the parties that the proceeds of the suit should be under the exclusive control of the assignee, the assignment was effectual.

*Held, further*, that the case was fairly and properly submitted to the jury upon the facts, and that the comments of the judge on the evidence are not a subject of exception.

HUNT, J. On the first day of May, 1840, Lyman Barden and the defendant, Hiram W. Barden, executed to Adin Barden (their father) a bond and mortgage to secure the payment of $2,000 at the end of eleven years, with six per cent interest.

On the first day of January, 1847, Adin Barden assigned this bond and mortgage to Thomas E. Bowen and Adin Barden, Jr., an equal share to each.

In May, 1849, Thomas E. Bowen died intestate, leaving Electa Bowen, his widow, and Albert T. Bowen, his only child, and no other heirs. All his debts were paid.

The defendant, Hiram W. Barden, applied to the said Electa and Albert T. Bowen to procure them to reassign to him

their interest in said mortgage, and promised to pay them $1,000, and to obtain the cancelment of a bond given by said Thomas E. Bowen to the mortgagee. An assignment was made to Hiram in March, 1850, conveying all the interest of said Electa and Albert, and delivered to him.

The interest of Albert T. in the claim against the defendant for the $1,000 was assigned to Electa Bowen, and this suit was commenced in her name against Hiram Barden to recover the amount. The claim was afterwards, and on the 30th of July, 1855, assigned, by Electa, to the present plaintiff, and an order entered that the action be continued in his name, as the plaintiff therein.

The questions of fact in the case were submitted to the jury under the charge of the judge, and the jury found a verdict in favor of the plaintiff for the amount of his claim, with interest. Various exceptions were taken by the defendant on the trial, on account of which he now seeks a reversal of the judgment against him.

The first exception in the case arises upon the cross-examination of Electa Bowen, where the defendant offered to show that no consideration was paid by Thomas E. Bowen when he received the assignment of the mortgage in question from Adin Barden, his father-in-law. I do not see how the question of the consideration paid by Bowen, on the assignment to him by Adin Barden, could arise, especially at the early stage of the case, when this offer was made. The plaintiff had proved the assignment to Bowen, by a formal instrument, under seal. The defendant did not profess to represent Adin Barden on the trial. He, himself, negotiated with Bowen's representatives, on the basis of his ownership, promised to pay them $1,000 for the assignment of their interest in the mortgage, and received from them a formal written assignment. Whether Bowen had paid value, or to what extent, or whether the assignment was a gift to him by his father-in-law, was quite immaterial. He was the owner, and no suggestion even to the contrary had been made, up to this time, on the trial; and the defendant's title, under this assignment, not having been contested, he was not at liberty to dispute

the ownership of the Bowens, of whom he purchased. Although not executor or executrix, the widow and the son were the only distributees of the estates of Thomas Bowen, and could sell the substantial interest in the bond and mortgage. Their assignment furnished a sufficient consideration for the promise.

The testimony on this subject seems to have been given at a subsequent stage of the trial, without objection, and without effect upon the result.

The next exception insisted upon by the plaintiff's counsel, arises from the refusal of the judge to admit evidence of the declarations of Thomas E. Bowen, in his lifetime, in regard to the consideration of the assignment to him, by Adin Barden, of the bond and mortgage in question. This claim was based upon the allegation, as contained in the defendant's argument, that the assignment of Electa and Albert Bowen to Gardner, the plaintiff, was colorable merely; that there was no transfer in fact to him, no change of ownership, and that the Bowens in truth were the parties to the suit. Upon a careful examination of the case, I do not find that any such ground was taken upon the trial, or that there was any request made to admit the evidence on the ground now claimed. The principle is no doubt sound, that where a transfer is made to a nominal party merely, and the interests of the parties remain unchanged by the apparent transaction, where an "identity of interest exists between the assignor and the assignee," the party making the transfer is still the party in interest, and his declarations are admissible. (*Paige* v. *Caguin*, 7 Hill, 375; *Towsley* v. *Barry*, 16 N. Y., 497; *City Bank* v. *McChesney*, 20 id., 240.)

If this principle could be invoked here, it would admit the declarations of Electa and Albert Bowen merely, and not those of Thomas, who never made an assignment or transfer of the security to any one.

But the evidence established a valid assignment from Electa to the plaintiff, Gardner. She testifies that she paid her son $100 for his interest, and then transferred the entire claim to the plaintiff for $400; and admitting that

she did it, in part, for the purpose of being a witness on the trial, there is nothing here that invalidates the plaintiff's claim that the entire debt belongs in good faith to him, and that when collected, it will be for his benefit exclusively, and that Electa Bowen will not have or be entitled to any portion of its fruits. The intent and design of Mrs. Bowen are not material, if the claim was legally transferred to the plaintiff, and if it was the intention and expectation of the parties that the proceeds of the collection should be exclusively under his control. Any equitable considerations or legal liabilities, as to the disposition of the proceeds, do not affect the validity of the assignment. The assignee may stand as debtor for a particular sum, when collected, and still be the legal owner of the claim. (*Durgin* v. *Ireland,* 4 Kern., 322; *Griffin* v. *Marquadt,* 21 N. Y., 121.)

Complaint is made that exhibit E, which was a letter written by Thomas Bowen in his lifetime, was excluded; also complaint is made of the exclusion of exhibit L, which was a letter from Albert T. Bowen, and of exhibit H, which was a letter from Adin Barden, Sr., still living at the time of the trial. The remarks already made furnish a sufficient answer to these objections. Besides, I think, upon a careful reading, that the papers were wholly immaterial, and entirely wide of the questions actually on trial in the case. They were offered as affirmative evidence upon the merits, and not by way of contradiction; nor do I see that the attention of the witnesses had been previously called to their contents.

Objection is also made to the charge of the judge to the jury. The judge stated that it was impossible to reconcile the testimony of the plaintiff's witnesses with that of the defendant; that either these witnesses had committed perjury, probably, or else the defendant had; that the credibility of the witnesses and the ascertaining of where the truth was, was for the jury to determine. The plaintiff's witnesses swore positively that the defendant promised to pay Mrs. Bowen one thousand dollars for the assignment of the mortgage. The defendant swore positively that he made no such promise, either in substance or form. It was not extravagant

in the judge to say that one of the parties had committed perjury, and that he would leave it to the jury to say where the truth was to be found. If erroneous, it was a mere comment on the facts which bound no one, and for which a verdict would not be disturbed. The comments of the judge on the evidence are not a subject of exception. (*Nolton* v. *Moses*, 3 Barb., 31 ; see, also, authorities, *post.*)

The defendant requested the court to charge that it was not necessary for them, in order to find a verdict, to find that any of the plaintiff's witnesses had sworn false or committed perjury. The judge declined so to charge. The jury might certainly have found a verdict for the plaintiff without finding that any of his witnesses had committed perjury ; but how they could have found a verdict for the defendant, without finding that five witnesses on the part of the plaintiff had testified falsely, it is difficult to discover. They each swore positively to the defendant's promise to pay Mrs. Bowen one thousand dollars ; and if the jury should find that he did not so promise, they could not escape the conclusion that the witnesses referred to had sworn falsely. They might have relieved these witnesses from the imputation of perjury ; but the defendant's request included also the result of false swearing simply, and this, I think, the jury could not relieve them from. All this, however, was a matter for the jury, which had been already fairly submitted to them, and in relation to which the defendant's rights were fully protected. (*Carpenter* v. *Stillwell*, 11 N. Y., 61 ; *Bruce* v. *Wilmelt*, 2 E. D. Smith, 440 ; *Hunt* v. *Bennett*, 19 N. Y., 173.)

The charge to the jury, that neither the declarations of Mrs. Bowen nor of Alfred T., while they owned the bond and mortgage, could be given in evidence against the plaintiff, the refusal to charge the converse of the proposition, and the refusal to charge that the plaintiff was not entitled to recover, because there was no competent proof of the transfer of the claim from Mrs. Bowen to the plaintiff, were right. The propositions have already been considered, in reference to the evidence upon those questions.

The judgment should be affirmed.

SMITH, J.  If it be assumed that the court erred in reject-
ing the defendant's offer to show, on the cross-examination of
Mrs. Bowen, that no consideration was paid by her hus-
band when he took the assignment of the bond and mortgage
from Adin Barden, the error was subsequently cured by
the reception of testimony showing fully the consideration
of the assignment.    It appeared that such consideration
consisted of a bond executed by Bowen, which was afterwards
destroyed on his executing a second bond.   The latter bond
was put in evidence, and the defendant was permitted to give
parol evidence of the contents of the former.

The declaration of Thomas E. Bowen, and the letter writ-
ten by him, were not competent evidence.  He was not an
assignor of the cause of action.   The suit was brought upon
a promise made after his death.

. The letter signed by Adin Barden was clearly inadmissible.
Even if it be assumed to have been written by Mrs. Bowen —
a fact which the appellant's counsel says was conceded at the
trial, but which does not appear in the printed case — she
wrote it as an amanuensis merely, for aught that is shown,
and its contents are not her declarations.   There is no con-
ceivable ground on which the declarations of Adin Barden
are admissible against the plaintiff.

The defendant offered in evidence a letter written partly
by Mrs. Bowen and partly by her son, Albert T. Bowen, and
it was rejected.   This was not erroneous.  The letter was
offered as a whole.   There being no question but that the
assignment by Albert to his mother of his interest in the cause
of action was for a valuable consideration, and in good
faith, his declarations were not admissible against her or
the plaintiff, her assignee. (16 N. Y., 497.)   A portion of
the letter being therefore inadmissible, the whole, offered
together, was properly excluded. (12 Wend., 504; 28 N. Y.,
438.)   The letter was not offered to contradict the witnesses,
and no foundation was laid for that purpose.

But, aside from the foregoing considerations, the offer to
prove declarations made by Mrs. Bowen or her son was
properly overruled, on the ground that there was no identity

of interest between them and the plaintiff. He purchased for value, and acquired a title of his own. As against him, their declarations were hearsay.

Nor was there any question for the jury as to whether the transfers to him were colorable merely. The question of the admissibility of the declarations offered was wholly for the court to decide.

The charge to the jury, that neither the declarations of Mrs. Bowen nor those of her son could be given in evidence against the plaintiff, furnishes no ground of exception, for the reason that it was immaterial, there being no such declarations in evidence.

That portion of the charge consisting of the comments of the judge on the nature of the contradiction between the plaintiff's witnesses and those of the defendant, was not the subject of an exception, nor was it erroneous, since it submitted the credibility of the witnesses wholly to the jury.

It was not error to refuse to instruct the jury that it was not necessary for them to find that any of the plaintiff's witnesses had sworn falsely in order to find a verdict for the defendant. It was for the jury to determine whether the conflicting testimony could be reconciled upon any hypothesis consistent with the truthfulness of all the witnesses, and justified by the evidence, or whether any of the witnesses, and which of them, had committed perjury.

I think the judgment should be affirmed.

Judgment affirmed.