THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* FRANK ROSE, APPELLANT.

*Presumption that a grand jury was sworn — objection to an entire question, a part of which is allowable and a part not — refusal to charge that the neglect or refusal to testify does not create a presumption against a party accused of crime.*

Upon an appeal from a judgment of conviction, under an indictment for robbery in the first degree, the defendant objected that the grand jury was not duly sworn. The affidavits submitted by him showed that the persons sworn as grand jurors were called and took their proper places; that a foreman was chosen and sworn in the usual form, standing in the presence of the court and of his fellows; that immediately thereafter the deputy clerk, intending to administer the usual oath to the other grand jurors, read over the same to them in their presence and hearing.

It appeared that the jurors were there to take the oath, and intended to take it; that this ceremony took place in the presence of the county judge, and that no objection was made by any one and no suggetion was offered of any other or different form of administering the oath.

*Held,* that the presumption was that the statutory requirements were substantially observed.

That the recital in the indictment that "the jurors of the People of the State of New York, in and for the body of the county of Ulster, then and there being duly sworn, affirmed and charged, upon their oath and affirmation, to inquire for the People," etc., had not been impeached.

A witness gave testimony for the defense tending to establish an alibi. The district attorney, notwithstanding the defendant's objection and exception, was permitted to ask him: "Were you arrested and convicted at Clintondale for an offense or crime?" He answered: "I don't know whether I was convicted or not; I was arrested and they told me to move out of town, so I moved."

*Held,* that it was proper to ask him if he had been convicted of crime, but not proper to ask him if he had been arrested.

That as part of the question was allowable and part not, and the objection was taken to the whole question, and the attention of the court was not called to the inadmissible portion, the objection was properly overruled.

The court refused to comply with the request of the defendant's counsel, to charge the jury to "disregard the remarks of the district attorney in respect to the fact that Rose (the defendant) was not sworn, and that they could draw no inference against him from that fact; that they could not consider it one way or the other; that it creates no inference of guilt."

*Held,* that as section 393 of the Code of Criminal Procedure declares that the defendant's "neglect or refusal to testify does not create any presumption against him," it was the duty of the court, by proper instructions to the jury, to protect the

defendant against the prejudice or inference which might result from remarks made upon this subject by the district attorney, and that the judgment of conviction and sentence in this case should be reversed.

APPEAL from a judgment of conviction of the defendant upon an indictment charging him with robbery in the first degree after a trial at the Ulster County Sessions; and also from an order of the said Court of Sessions, made on October 17, 1887, refusing and denying a motion to set aside the indictment herein, and from the whole of said order; and also from an order of the said Court of Sessions, made on the same day disallowing a demurrer to the indictment herein; and also from an order of the said Court of Sessions, made on December 20, 1887, refusing and denying a motion for a new trial herein, and from the whole of the said order.

*A. H. Van Buren*, for the appellant.

*J. N. Vanderlyn*, for the People.

LANDON, J. :

The objection that the indictment contained two counts, one for robbery in the first degree and the other for larceny in the first degree, is not valid. The district attorney could not be quite sure that the evidence would establish the higher crime, and he therefore had a count for the lower one. " Where the acts complained of may constitute different crimes, such crimes may be charged in separate counts." (Code Crim. Pro., § 279.) It was reasonably clear, upon the face of the indictment, that the second count embraced the same acts as the first. The defendant was plainly advised by the indictment that he was not charged with two separate offenses, but that his single offense was charged as a robbery and larceny, meaning that it was either the one or the other.

The defendant objects that the grand jury was not duly sworn. If the fact is established, the body of men acting as a grand jury was incompetent to act, and the paper purporting to be an indictment was not " a true bill " or legal indictment. Upon the defendant's arraignment, and before pleading, he moved to set aside the indictment, alleging the fact to be that the persons who acted as the grand jury had not been duly sworn. Affidavits were submitted in support of the allegation. The affidavit of Stephen D. Hood, after reciting the opening of

the court and the calling the names of the persons returned as grand jurors, and their taking their seats in the jury-box, proceeds : " That after said persons were so in said jury-box, the said Hon. WILLIAM S. KENYON appointed Joseph E. Hasbrouck to act as foreman of said grand jury. That immediately thereafter the said Israel Snyder told said Joseph E. Hasbrouck to stand up and hold up his right hand. The said Joseph E. Hasbrouck thereupon stood up, and the said Israel Snyder immediately read to him from a book what purported to be the oath prescribed by law to be administered to the foreman of grand juries. The said foreman did not request to be sworn in any other manner than by laying his hands upon the Gospels, but he was not so sworn, but by the uplifted hand. That immediately thereafter the said Israel Snyder, without stopping in his reading and without asking the remaining persons, so returned as grand jurors and in said jury-box, to stand up or to raise their hands, and without they or any of them standing up or raising their hands, and without addressing them, or either of them, in any manner, continued reading from said book what deponent understood to be the oath prescribed by law to be administered to grand jurors. That after said Israel Snyder had so finished, none of the said persons made any reply, or in any manner recognized or acknowledged that they had taken an oath. That immediately thereafter said persons were charged by Hon. WILLIAM S. KENYON, and the then retired from the court-room."

The affidavit of the deputy county clerk is as follows : That he attended a Court of Sessions of the county of Ulster, held at the court-house in the city of Kingston on the said 26th day of September, 1887, in his official capacity and as the clerk of the said court ; that a grand jury had been summoned and were in attendance at said court on the said 26th day of September, 1887 ; that this deponent, acting as aforesaid, did, at the time and place aforesaid, administer to the foreman of the said grand jury, who had been then and there duly appointed by the court, the oath in the usual form and in the manner required by law ; that thereafter, and at the same time and place, deponent did administer to the remaining members of the grand jury (except one, who thereafter affirmed) the usual oath in the form and in the manner required by law ; that at the said time and place, and at the time of the adminis-

tration of the said oath, the grand jurors, and each of them, did
give their attention thereto, and that the said grand jurors and each
of them (except the one thereafter appearing as aforesaid) did there-
upon, and immediately after the said oath was administered, manifest
their consent thereto; and did then and there. and in the presence
of said court, assent to the contents thereof; and they and each of
them did, then and there, take the said oath in due and legal form
and manner, except one grand juror, to wit, Egbert Johnson, who
was not present at the time and place aforesaid, but who thereafter
appeared in court and took the oath as a grand juror in the manner
and form required by law.

Mr. Hood's affidavit is corroborated by affidavits of members of
the bar, well known to the members of this court. We have no
doubt that it details the facts, and that Mr. Snyder's affidavit, in the
particulars in which it seems to differ, is to be construed as his
construction of the facts.

On the affidavits submitted by the defendant the case is this:
The persons returned as grand jurors were called and took their
proper places. A foreman was chosen and sworn in the usual
form, standing in the presence of the court and of his fellows.
Immediately thereafter the deputy clerk intended to administer
the usual oath to the other jurors, and read over the same to them
in their presence and hearing. The jurors were there to take the
oath and intended to take it. This ceremony took place in the
presence, and the law presumes, under the direction of the learned
county judge. It can scarcely be doubted that the somewhat scant
and hasty observance by the deputy clerk of the usual deliberate
and solemn forms arrested the attention of the learned presiding
judge no less than it did that of the experienced members of the
bar, whose affidavits are presented, and that he concluded, and in
effect decided, that the oath was duly administered. Granted the
presence of the jurors for the purpose of taking the oath; the presence
of the clerk to administer it; the reading of the oath to the jurors
by the clerk; no objection by any one; no suggestion of any other
or different form; the supervising presence and watchfulness of the
intelligent court, and the presumption is that the statutory require-
ments were substantially observed. The forms, no doubt, suffered
a loss of the impressiveness always desirable upon such an occasion,

but liable to some sacrifice at the hands of inexperience. The presiding judge did not think it necessary to interpose either at the time or when this motion was made. Upon all the facts we conclude that the recital in the indictment, that "the jurors of the People of the State of New York, in and for the body of the county of Ulster, then and there being duly sworn, affirmed and charged upon their oath and affirmation to inquire for the People," etc., has not been impeached.

A witness gave testimony for the defense, tending to show an alibi. The district attorney, notwithstanding the defendant's objection, was permitted to ask him : "Were you arrested and convicted, while at Clintondale, for an offense or crime?" He answered: "I don't know whether I was convicted or not; I was arrested and they told me to move out of town, so I moved." It was proper to ask him if he had been convicted of crime. (Penal Code, § 714; *People* v. *Noelke*, 94 N. Y., 137.) It was not proper to ask him if he had been arrested. That called for a specific act done by others, not pertinent to the present issue, and touching which it could not be known that the witness was at fault. (Id., and cases there cited; *People* v. *Irving*, 95 N. Y., 541.) Part of the question was allowable and part not. The objection was to the whole question. If an offer of evidence embraces matter not admissible, the whole may be rejected. (*Hosley* v. *Black*, 28 N. Y., 438; *Gardner* v. *Barden*, 34 id., 433, 438.) Where admissible and inadmissible evidence is contained in a letter, the letter may be received as to the admissible evidence. (*Dutchess Co.* v. *Harding*, 49 N. Y., 321.) In a case like the one last cited, unless the objection is specifically taken to the inadmissible part, it is not error to receive the whole letter. (*Day* v. *Roth*, 18 N. Y., 448; *Requa* v. *Holmes*, 16 id., 193.) If part of an answer is admissible and part not, the attention of the court must be called by the objection to the inadmissible portion, otherwise the objection is invalid. (*Wallis* v. *Randall*, 81 N. Y., 164.) An exception, whether to the admission or exclusion of evidence, is not well taken unless the attention of the court was, at the time, fairly called to the particular matter, respecting which a different ruling is now claimed to have been the exceptant's right. Here the court could well say, the objection is overruled because you can prove a

conviction. It was then the duty of counsel, if he would save his exception, to suggest, but not an arrest.

If, on the other hand, the court had excluded the evidence because an arrest cannot be proved, it would have been the duty of the district attorney to suggest, but the conviction can be. It is plain that in either case the court would have separated the proper from the improper, and it is the office of counsel to give the necessary help.

The district attorney, in his address to the jury, commented upon the fact that the defendant had not been sworn as follows : " Why has not the defendant been sworn? He could tell where he was this night, and " — whereupon the defendant's counsel interposed and asked the court to direct the district attorney that he must not refer to the fact that the defendant had not been sworn. The court remarked : " That is so ; I don't think he will do so now." The district attorney continued : " Well, gentlemen, that is so ; I cannot refer to the fact that Rose has not been sworn, if I could, I could say to you that if he took the stand he could tell you where he was this night and what he was doing." The defendant's counsel again interposed and asked to have the remarks of the district attorney stricken out. The court said : " Strike them out." Defendant's counsel then asked the court to instruct the jury " that they must disregard the remarks of the district attorney in respect to the fact that Rose was not sworn, and that they could draw no inference against him from that fact ; that they could not consider it one way or the other ; that it creates no inference of guilt." The court remarked : " I do not think the district attorney will go on any further." Defendant's counsel said : " I except to. the refusal of the court."

These facts appear in an affidavit of the defendant's counsel, upon which a motion was made, after the verdict and before sentence, for a new trial. The motion was denied. The statement in the affidavit was not contradicted, and the affidavit and proceedings thereupon are returned as a part of the record certified by the presiding judge. We think we ought to consider the exception. The district attorney violated the rights of the defendant in commenting to the jury upon the significance of his neglect or refusal to testify in his own behalf. Section 393, Code of Criminal Procedure, declares that the defendant's " neglect or refusal to testify does not

create any presumption against him." This statutory declaration is not in accord with experience, but its practical meaning is that the court and jury must, so far as they can, determine his case without prejudice or inference against him, founded upon his omission to testify. It was the duty of the court, by proper instruction to the jury, to protect the defendant against the prejudice or inference, which the district attorney's remarks suggested — certainly upon proper request. The matter was of the utmost importance to the defendant, and the request of his counsel should have been explicitly granted. As it was, the comments of the district attorney and the request of his counsel were disposed of in a manner well calculated to impress the jury with the idea that the district attorney was only technically wrong but substantially right, and that the request of defendant's counsel was of small moment.

The judgment of conviction and sentence should be reversed, and new trial granted.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment and conviction reversed, new trial granted.