JAMES McCREERY & CO. v. OLLENDORFF et al.

(Supreme Court, Appellate Term. April 8, 1909.)

APPEAL AND ERROR (§ 204*) — RULINGS ON EVIDENCE — GROUND OF OBJECTION
NOT MENTIONED.

> The rejection of a notice offered in evidence will not be sustained because of a pencil memorandum thereon, which constituted no part of the notice, and which it seems was not offered, where the objection made no mention of the memorandum, and the ruling was clearly made solely with reference to the notice itself, which was admissible.
>
> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1258–1280; Dec. Dig. § 204.*]

Appeal from City Court of New York, Trial Term.

Action by James McCreery & Co. against Sidney Ollendorff and others, as copartners doing business under the firm name of Ollendorff & Co. From a judgment on a verdict for plaintiff against all the defendants, and from an order denying a motion for new trial, defendants Louis Kantrowitz and Louis Moskowitz appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Mayer & Gilbert (Julius M. Mayer and A. S. Gilbert, of counsel), for appellants.

Gould & Wilkie (John L. Wilkie and Eugene D. Alexander, of counsel), for respondent.

SEABURY, J. · The three defendants were, prior to April 30, 1904, copartners doing business under the name of Ollendorff & Co. This firm was dissolved on this date, and the defendants (appellants) Kantrowitz and Moskowitz then withdrew therefrom. Between July 23 and November 22, 1904, the plaintiff sold and delivered goods, wares, and merchandise of the agreed value of $1,535.86 to a concern doing business under the name of Ollendorff & Co. These facts are conceded, and the plaintiff sued all of the defendants to recover the sum of $1,535.86, less $110.73, being the value of merchandise which was returned to the plaintiff. The question in issue, so far as the appellants, Kantrowitz and Moskowitz, are concerned, is whether notice of the dissolution of the firm was given to or received by the plaintiff. Upon this issue it was clearly error for the learned court to exclude the notice of the dissolution of the firm which the defendants offered in evidence, and the original of which one of the witnesses testified he stamped and mailed to the plaintiff, correctly addressed.

Before offering this paper in evidence, a proper foundation for its reception was laid by counsel for the defendants. It is argued by the respondent that the court was justified in the exclusion of this notice, because of a certain pencil memorandum upon the paper. From a review of the record it seems to us that this pencil memorandum was not offered, and it is clear that the paper was not excluded upon this ground. While an offer of evidence containing matter not

admissible would ordinarily justify sustaining the decision of the court rejecting the whole (Hosley v. Black, 28 N. Y. 438, 445), yet this rule should not be applied, when no objection was made upon this ground, and it clearly appears that the ruling of the court was made solely with reference to that part of the evidence which was admissible. In order to receive the benefit of the exclusion of such evidence, we think it was incumbent upon the party making the objection to state the grounds of his objection, so that the party offering the paper might have an opportunity to offer that part of the paper which was admissible. In the present case no reference at all was made to the pencil memorandum, and the paper was offered, objected to, and excluded without regard to the presence of this memorandum upon the paper.

When the paper was first offered the court excluded it upon the ground that "proof must be shown that this man actually mailed that letter." The proof which the court required was adduced, and the paper was again offered, and was objected to as irrelevant and incompetent. This objection was sustained, and the defendants duly excepted. This paper, and the question as to whether it was mailed to the plaintiff, was relevant to the issue, and it was not rendered incompetent as evidence simply because a pencil memorandum had been made upon its margin. This memorandum was not a part of the notice and the notice itself, without the pencil annotation, should have been received in evidence.

The judgment is reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.