GENERAL COURT, (E. S.) SEPT. TERM, 1803.

W. & M. Sharpe *vs.* Gibson.

Debt upon a writing obligatory, dated the 29th of August 1797, conditioned for the payment of £9 current money per acre, for as many acres of land as plaintiffs should make the defendant, his heirs, &c. a good and legal title to in *Island Creek Neck,* agreeably to a bond of equal date with the said writing obligatory, passed by the plaintiffs to the defendant, &c. The defendant pleaded, 1st. *General performance,* and 2dly. *That the plaintiffs had not made him a good and legal title,* &c. *Replications*—To the first plea, *non-performance*—That the plaintiffs had a good and legal title before the issuing of the writ of and in 385 acres and 25 perches of certain tracts of land, viz. *Rattlesnake Point, Conjuncture, Eason's Neck, Fancy, Eason's Lot, Inclosure* and *Sharp's Addition,* all situate and being in the county aforesaid, and in the *Island Creek Neck* mentioned, &c. and so having a good and legal title, &c. they on the 18th of May 1799, at, &c. signed, sealed, executed, acknowledged, and delivered to the defendant a good, legal, and valid deed of bargain and sale, for all and singular their interest, &c. in and to the said lands called, &c. agreeably to the bond of equal date, &c. That the said 385 acres and 25 perches, &c. at the rate of £9 current money per acre, amounted to 3466*l* 11*s* 1*d* current money, of which the defendant had notice, &c. yet, &c. To the 2d plea there was a similar replication, exhibiting the deed in *hæc verba. Rejoinders*— that the plaintiffs had not a good title, &c. Issues joined. Plots returned under warrant resurvey.

At the trial, the defendant offered *Thomas Martin* as a witness, to prove that he had, what he esteemed, a well grounded claim to 38 acres of the land which the plaintiffs have located as a part of the lands sold to the defendant, and to this end he proposed to prove by the said witness, that he was seized of the tract located on the plot by the plaintiffs, called *Rich Neck,*

*In an action of debt on a bond for the purchase money of land sold and conveyed, parol evidence cannot be given by a witness that he was seised of any part of the land so sold, in order to rebut the claim and title of the vendor to any part of the land included in his deed to the vendee, or to show that the title to any part of the land so conveyed was not in the vendor at the time of the conveyance*

and that he contended for the lines of the said tract as located, and that by a correct location of the tract called *Rattle Snake Point*, it did not interfere with *Rich Neck*; that he had cut trees on that part of *Rattle Snake Point* located within the lines of *Rich Neck*, in order to provoke an action of trespass to try his claim; that an action had been brought by the defendant for the said trespass, and that the same was now depending in this court.

The plaintiff objected to this testimony as inadmissible.

DONE, J. *(a)* The Court are of opinion, that the evidence offered by the defendant is not competent and legal evidence to go to the jury to rebut the claim and title of the plaintiffs to any part of the lands to which they claimed title, and which are included in their deed to the defendant; or to shew that the title to any part of the lands so conveyed was *not in the plaintiffs* at the time of making the conveyance to the defendant. The defendant excepted.

Verdicts and judgment for the plaintiff. The defendant appealed to the Court of Appeals.

*J. Bayly*, for the Appellant.

*Harper* and *Scott*, for the Appellees.

THE COURT OF APPEALS, at June term 1805, *affirmed* the judgment of the General Court.

*(a) Chase*, Ch. J. absent. *Sprigg*, J. concurred.