Judgment reversed, and <em>venire de novo.</em>

---

## SMITH vs. SNYDER.

Where all the proceedings upon a *writ* or *plaint in replevin*, subsequent to the issuing of the process are *set aside* by the order of the court whence it issued, the plaintiff in such process cannot protect himself under it in an action brought for the property delivered to him by virtue thereof.

Under the plea of the general issue in replevin, the defendant cannot prove property in himself, unless he subjoins notice of such defence to his plea.

ERROR from the Erie common pleas. Snyder brought *replevin* for a one horse wagon. The defendant pleaded *non cepit*, and accompanied the same with a *notice* that he would prove on the trial that before the commencement of the plaintiff's suit, to wit, on, &c., he, the defendant, sued out a plaint in replevin against the plaintiff for the same wagon, which was taken by the sheriff of Erie, by virtue of such plaint, and delivered to the defendant, in whose possession it remained until taken by the plaintiff, under color of his writ of replevin; and that he, the defendant, was lawfully entitled to the possession of the wagon by virtue of the suing out of the said plaint in replevin, &c. On the trial, the plaintiff proved the taking by the defendant. The defendant then offered in evidence the plaint in replevin mentioned in his *notice*, and offered to show that by virtue thereof the wagon was delivered to him. The plaintiff objected to the evidence on the ground that the proceedings upon the plaint subsequent to the issuing thereof, had been set aside by the common pleas, on the ground that the same had not been served upon the now plaintiff, the defendant in that suit, and read from the minutes of the court an order to that effect; whereupon the court rejected the evidence offered by the defendant. The defendant then offered to prove that at the time he took the property, the right of property and of possession was in him,

the defendant. This evidence was also rejected, on the ground
that the defendant had not set up such claim in the notice
subjoined to his plea. The jury under the instructions of
the court, found a verdict for the plaintiff. The defendant
sued out a writ of error.

*J. A. Spencer*, for the plaintiff in error.

*A. Taber*, for the defendant in error.

*By the Court,* SAVAGE, Ch. J. This case presents two
points : 1. Whether the first writ of replevin justified the
defendant below in keeping the wagon in question ? 2.
Whether the defendant in replevin can prove property in
himself, under the plea of the general issue ? Upon the
first question, there cannot be much doubt. The writ was
issued and the property taken; but the writ was never
served as we are to understand. The court from which
that writ issued, and in which it was returned, ordered all
proceedings set aside subsequent to the issuing thereof.
Whether the court decided correctly or not in ordering that
rule is a question not now before us ; the presumption is that
the court did right. It rendered void all but the mere issuing
the writ. There never was any service upon the defendant
to set aside, but there was a taking of the wagon by virtue
of the writ ; that taking was set aside, and rendered null and
void and of no effect. The taking possession of the wagon,
therefore, by the defendant was the same as if he had taken
that possession without any writ ; it was no protection to
him ; it did not give the sanction of law to his acts, and the
court was correct in so deciding.

The second point may be considered settled upon authority.
Before the revised statutes, if the defendant in replevin claim-
ed to have a return of the goods, he must have pleaded spe-
cially his defence. The plea of *non cepit* did not involve the
merits. The question of taking was the only one in issue.
4 *Wend.* 217. 3 *id.* 671. 1 *Mass. R.* 152. Under the statute,
the plea of the general issue " puts in issue not only the tak-

NEW-YORK, ing of such goods and chattels, but such taking in the place
May, 1836. stated, where the place is material." 2 *R. S.* 528, § 39. By
§ 44, the defendant may, with the general issue, give notice

Smith     of any matters which, if properly pleaded, would be a bar to
v.      the action, and which, if the goods have been replevied, would
Snyder.   entitle him to a return thereof; and he may give such mat-
ters in evidence on the trial in the same manner, and with
the like effect, as if the same had been pleaded. Had the
defendant in this case given notice with the general issue
that he would prove property in himself in the wagon in
question, he would have been entitled to give such evidence.
His notice does not embrace any such defence, but relies
simply upon the taking under the previous writ; that taking
having been set aside as a legal proceeding, the case stood,
as remarked above, precisely as if the wagon had been ta-
ken without any writ—the rule related back to the issuing
of the writ, and rendered void every thing done as under
color of law. The court below correctly considered the case
standing upon the same principle as if the officer to whom
the writ was delivered had never done any thing under it.

Judgment affirmed.