# Hiram Jennison and others v. John Haire and another.

*Practice: Defective declaration: Demurrer: Evidence.* A defendant who claims that a declaration is defective on its face, but omits to demur, and seeks to raise the question for the first time by a general objection on the trial to the admission of any evidence, will be held to strict rules and required to "hit the bird in the eye," at least where it is not made to appear that the real justice of the case has been overreached.

*Practice: Presumptions: Declaration: Demurrable defects: Exceptions.* A court of review is confined on writ of error to the assignments of error; and will intend nothing against the judgment below; nor will it eke out any suggested ground of error, where the point is not properly or sufficiently substantiated or amplified; and a demurrable defect in the declaration is not strictly and properly a ground of exception to the admission of evidence, but the question should be raised by demurrer, by motion in arrest of judgment, or by assignment of error on the main record.

*Evidence: Objection: Definiteness.* A general objection to the admission of any evidence on the ground that the breaches were not sufficiently set out in the declaration, is too indefinite to raise any question for review.

*Replevin bonds: Declaration.* In an action upon a replevin bond it is not necessary to aver the issuing and return of execution in the replevin suit.

*Circuit court rule 79: Bond: Declaration: Execution: Admissions: Evidence.* Under a declaration counting expressly upon such a bond, its execution is admitted under circuit court rule 79, unless denied by affidavit; and assignments of error relating to the admission of evidence to prove the manner of its execution will not be considered in the absence of such affidavit.

*Evidence: General objections: Writ of execution: Form.* A general objection to the admission of a writ of execution, simply that it is not in proper form, without pointing out the specific defect relied upon, is too indefinite.

*Replevin bonds: Return of the property.* The obligation of a replevin bond where a return of the property has been adjudged, imposes the duty of taking active measures to surrender the property, and not simply that of a passive submission to a forcible taking by legal process; and obligors on such a bond who have declined, on demand by an officer armed with a proper writ, to make such surrender, cannot, when sued upon their obligation, set up in defense the failure of the officer to find and seize the property; this would be to permit them to take advantage of their own wrong.

*Evidence: General objections: Records: Judgment entry.* A general objection to the admission in evidence of the record of a judgment, that the judgment was not properly rendered, without specifying the defect complained of, is too indefinite to be considered.

*Evidence: Replevin: Judgment: Affidavit: Presumptions.* In an action upon a replevin bond the judgment in the replevin suit, for a return of the property, cannot be impeached as evidence for lack of proof that any affidavit accompanied the writ of replevin; it would be presumed in aid of such judgment of a court of record, that all the proceedings essential to its validity were taken.

*Replevin bonds: Estoppel.* Plaintiffs in a replevin suit against whom a judgment for a return of the property has been rendered, are estopped when sued upon their replevin bond, from setting up in defense any infirmity in the proceedings by which they obtained the possession of the property.

*Evidence: Double inquiry: Objections.* Where a double inquiry is put to a witness as an entire and inseparable proposition, and is excluded upon an objection that it is incompetent, irrelevant and inadmissible, if either branch or element of the inquiry is plainly subject to either ground of the objection, the ruling cannot be assailed as error.

*Evidence: Title to lands.* It is incompetent against objection to prove ownership of lands by parol evidence.

*Judgment: Fraud: Remedy: Motion to set aside: Original suit.* Where it is claimed that a judgment has been obtained by fraud, the proper remedy after the lapse of five or six years, is not a motion based on *ex parte* affidavits to set it aside, but resort should be had to an original suit where a distinct issue may be made by pleadings and tried upon oral examination of witnesses; and an order setting aside a judgment on such a motion, made after the lapse of such a period, and while a suit in equity in which considerable progress has been made was still pending in which the like relief was sought, is held erroneous.

*Practice: Stay of proceedings.* A motion to stay proceedings in this court upon a judgment of affirmance for the plaintiffs in an action upon a replevin bond, for the reason that the judgment for the return of the property in the replevin suit had been set aside upon such a motion, under such circumstances, is denied.

*Heard January 28.    Decided April 21.*

Error to Ottawa Circuit.

*Hughes, O'Brien & Smiley,* and *Champlin, Butterfield & Fitzgerald,* for plaintiffs in error.

*James A. Rogers* and *Eggleston & Kleinhans,* for defendants in error.

GRAVES, CH. J.

Before taking up the points agitated in this case it will be best, perhaps, to bring forward the main events connected with the litigation.

The defendants in error prosecuted one Edwin Cole by attachment, and the sheriff, Clark C. Bailey, seized under the writ of attachment, as the property of Cole, a very large and valuable amount of lumber, timber, teams, vehicles, tools and other chattels.

While the sheriff was in possession under the writ of attachment, and before the trial, two of the plaintiffs in error, namely, Hiram and Luman Jennison, sued out of the circuit court for the county of Ottawa their writ of replevin

against the sheriff to obtain possession of the same property. This writ was directed to the coroner (Curtis Gray), and was made returnable on the 16th of July, 1867. On giving the writ to the coroner for service, he was furnished with what purported to be the usual replevin bond, executed by the plaintiffs in error. The property taken by the sheriff, and held by him as before stated under the attachment, was by the coroner taken out of his hands on the writ of replevin, and delivered over to the plaintiffs in replevin, in June, 1867.

On the 26th of February, 1868, the plaintiffs in replevin made default, and the court awarded judgment for a return of the property, and for costs, and on the 28th of the same month, being two days later, the defendants in error recovered judgment in the attachment suit against Cole, for damages, eight thousand two hundred and ninety-nine dollars and eighty-eight cents, and costs, forty-nine dollars and thirty-five cents.

On the 4th of February, 1869, an execution was issued on the judgment in replevin, to which the then sheriff (Mr. Weatherwax) made return on the 20th of April, 1869, that he had demanded the goods and chattels of the plaintiffs in replevin, and that they refused to deliver the same or any part thereof. He also returned that he demanded the costs ordered to be collected, and that payment thereof was refused; and further that he levied on goods and chattels, in order to collect such costs, when, on being notified that a writ of error had been taken out and a bond in error given, and that his execution was superseded, he relinquished the levy.

The bond in replevin given to the coroner was thereupon assigned to the defendants in error, the plaintiffs in the attachment suit, and they brought an action upon it in their own names, and obtained judgment on the 8th of July, 1873, for eleven thousand five hundred and thirty-seven dollars and eighty-six cents, and the plaintiffs here (who were the defendants in that suit) then brought error.

In proceeding to review the case we are necessarily confined to the assignments of error, and we cannot follow the ingenious arguments for the plaintiffs any further than a fair construction of the record will warrant. We can intend nothing against the judgment of the court below, neither can we eke out any suggested ground of error where the ground or point is not properly or sufficiently substantiated or amplified.

The first charge of error rests on a general objection against admitting any evidence, and the objection, as stated to the court below, was based on a general proposition which was claimed to be supported by two defects in the declaration. The proposition was, that the declaration did not set forth a cause of action. But the only specifications of defects were, *first*, that the breaches were not sufficiently set out; and, *second*, that there was no allegation of the issuing and return of an execution in the replevin suit.

When a defendant claims that a declaration is defective on its face, and still omits to demur and thereby raise the point on the record at a stage and in a form the most favorable to a deliberate and right decision, and lies by while costs accumulate and until the time of the trial, and then springs the question for the first time by an objection to evidence, it is very reasonable to hold him to pretty strict rules, and to require him, in the quaint and expressive language of Lord Hardwick, "to hit the bird in the eye;" and this is especially proper when there is no reason to suppose that the real justice of the case has been overreached.

Now, here there is no assignment that the declaration is bad. The point stands nakedly on an exception to the admission of evidence, and where, too, the objecting party in stating the *ground* of his objection complained of the *declaration*. The whole, then, rests upon the bill of exceptions, and not at all on the main record. Strike out the bill of exceptions and nothing is left for the assignment of error to apply to. As before stated, no error whatever is

assigned on the main record. Now, a fault in pleading, a demurrable defect in the declaration, is not strictly and properly a ground of exception at all. Such a fault is required to be assailed in a different way. It should be either by demurrer, motion in arrest of judgment, or by assignment of error on the main record.—*Reynolds v. Lounsbury, 6 Hill, 534; Batchelder v. Batchelder, 2 Allen, 105; Nichols v. Poulson, 6 Ohio, 305.*

But suppose this to be otherwise, the point is still open to an unfavorable answer. We are warranted in saying that the first specification or branch of the objection, if it should be admitted that an insufficient setting out of breaches would be a ground for excluding *all* evidence, was quite too indefinite. It presented to the mind of the court no distinct matter to be passed upon, and, in view of the circumstances, was very little, if any, better than no explanation at all; and the point does not appear to us to call for indulgent treatment.—*Johnson v. Provincial Ins. Co., 12 Mich., 216; Bain v. Proprietors of White Haven & F. J. R. W. Co., 3 H. L., 1, 15, 16; Camden v. Doremus, 3 How., 515; Russell v. Branham, 8 Blackf., 277; Atkins v. Elwell, 45 N. Y., 753; Howard v. Hayward, 10 Met., 408; Waters v. Gilbert, 2 Cush., 27; Wentworth v. Leonard, 4 Cush., 414; Edwards v. Carr, 13 Gray, 234; Cayuga Co. Bk. v. Warden, 6 N. Y., 19, 30; Levin v. Russell, 42 N. Y., 251; McKeon v. See, 51 N. Y., 300.*

Upon the second specification or ground of objection, it is enough to say that the precedents and authorities appear to justify what was done here. The New York courts, in passing on this statute (from whence we copied very much of ours), have held it unnecessary to aver the issuing and return of the writ; and we see no reason for introducing greater nicety than has prevailed there.—*Cowden v. Pease; 10 Wend., 334; Cowdin v. Stanton, 12 Wend., 120; Shaw v. Tobias, 3 Comst., 188; Burrill's App., p. 275.*

The second and third assignments of error complain of the admission of evidence to establish the execution of the

bond; and the fourth objects to the introduction of the bond itself under the proof made of its execution.

There was no affidavit denying the execution, and we think the rule of court plainly applied. The declaration expressly counted on the bond, and by omitting to question its execution by affidavit, the defendants admitted it, and by so much narrowed the issue.—*People v. Johr*, *22 Mich.*, *461*.

For the purpose of the trial this admission conclusively established the execution and delivery, and the outside facts which were gone into, as to the way in which the paper was really executed, did not impair or overreach the effect of the admission, or work any legal prejudice to the plain- tiff in error.—*Blake v. Sawin*, *10 Allen*, *340*.

The fifth and sixth assignments complain of the admis- sion of the execution and officer's return, and the seventh, of the admission of the judgment.

The objections stated at the trial against the writ and return were, *first*, that the writ was not in proper form; and, *second*, that the return was not sufficient because it did not show that the officer attempted to find or return the property, or that it was not in the county.

The first ground of objection is disposed of by the remarks already made on a former point. It was too indefi- nite. The occasion required a distinct and suggestive statement. By that which was made the court was left in a state of complete uncertainty respecting the specific defect relied on by the objecting party, and no other duty was raised than to overrule the objection.

Only a few words are needed on the second ground. In order to get possession of the property, when it was taken out of the hands of the attaching officer, it was a necessary pre-requisite to give the bond, and therein and thereby expressly engage that if the defendant in replevin should obtain judgment the plaintiffs in replevin should return the property in case the judgment should so require. And the obligation in question following the statute did, in express.

terms, specify that the property should be returned on the given contingency, and not that the plaintiffs in replevin should simply be subject to have the property wrung from them by force of legal process. The plaintiffs in replevin were to be bound, and were bound, to return the property. The law did not provide that they and their sureties should, by the obligation, concede permission to coerce a return.

There was no need of a bond for any such purpose. As before intimated, its chief object was to secure a surrender to the proper authority on request in case of judgment of return; and when the judgment passed for the defendant in replevin, and it was adjudged that the property should be restored, the right of possession which the plaintiffs in replevin had acquired in consequence of the delivery over on the writ, was completely terminated, and when the officer appeared with the execution and demanded the property, their duty was fixed and active, not passive and indifferent. They were required to surrender, not wait to be coerced, much less take an adverse and hostile position.—*Yates v. Fassett, 5 Denio, 21; Smith v. Snyder, 15 Wend., 324; Burkle v. Luce, 6 Hill, 558; Lockwood v. Perry, 9 Met., 440.*

When they refused to give up the property to the officer, they acted in their own wrong, and in violation of the obligation in suit. If they had kept their obligation the property would have been returned, and no cause of action would have arisen; and it is hardly reasonable to say that they may now set up the non-transit of the possession occasioned by their own breach of duty, as an answer to a suit founded on the failure to get possession from them. Having refused to give possession when it was their duty to give it, the law will not allow them now to set up the failure of the sheriff to take it forcibly from them on their refusal.—*Crowder v. Long, 8 B. & C., 603, 604; 15 E. C. L., 309, 311, per Bailey J.; Broom's Max., 255, marg.*

We are not to be understood as saying that it was not competent for the officer to seize the property, notwith-

standing the refusal.   And we do not intend to intimate that the defendant in replevin, or the plaintiffs in attachment, might not have insisted upon a caption and delivery over.   All we say now is, that the defendants in this suit cannot take advantage of this wrong, and that the positive refusal to deliver to the officer on the writ, may be regarded for the purposes of this suit as equivalent to a formal and complete return of the execution wholly unsatisfied.

The precise and only ground on which the judgment entry was objected to was, that the judgment was not properly rendered.   This objection, like others which have been noticed, was too general and unspecific to bind the court to entertain it.   The objecting party, in view of the circumstances, should have so presented his point as to have drawn the attention of the court to the defect or difficulty complained of.   This was not done, and there was nothing to indicate the subject pointed at.

In presenting the case here, it is said that it did not appear in the evidence offered in the court below, that the writ of replevin by which the defendants Jennison got possession of the property was accompanied by an affidavit. This, if true, was no ground for excluding the judgment in replevin. . If the validity of the judgment as a piece of evidence in the suit on the bond depended upon whether or not the requisite affidavit on the part of the Jennisons was actually made and annexed to their writ, there is authority for saying that, in the absence of evidence showing the contrary, it would be presumed in aid of the proceeding in the circuit court, that one was made.   But the case admits of another answer.

The plaintiffs in error are estopped from making any such objection.   The proceedings in the replevin suit, including the bond in question, constituted the machinery by which the property was taken from the attaching officer and passed over to the principals in the bond, and the parties who promoted and managed those proceedings cannot set up that they got the property without an affidavit, or

committed other similar irregularities, in order now to defeat a suit on the bond.—*Decker v. Judson, 16 N. Y., 439 ; Shaw v. Tobias, 3 Comst., 192 ; Moors v. Parker, 3 Mass., 310.*

The eighth and last allegation of error rests upon the refusal of the court to allow the witness Edwin Cole, the defendant in attachment, who was sworn for the plaintiffs in error, to answer the following question: "State whether all the logs were not subject to a lien of the Bendon lumbering company for the stumpage, and whether that company was not the owner of the lands from which the timber was cut by you?" As explained in this court on the argument, the object of this inquiry was to elicit evidence to show that the lumber company, a third party, had some right or interest in the replevied property, and which fact it was claimed was pertinent and admissible under § *6766 Comp. L.*

As represented by the record, this inquiry was propounded as one entire and inseparable proposition, as a single and individual interrogatory to be passed upon by the court, and if allowed, to be answered by the witness, as a whole. Under these circumstances the defendants in error objected to it as "incompetent, irrelevant and inadmissible;" and it was excluded.

This objection, it is true, was in terms very general; still, if any branch or element of the inquiry objected to was plainly subject to either ground of the objection, the ruling which excluded the inquiry cannot be assailed for error. If in any part the proposition so presented was liable to either head of the objection, it was clearly admissible for the court to rule out the whole; and it cannot be doubted but that so much at least of the proposal as required the witness to swear that the company owned the lands was subject to the objection of incompetency.—*Sharpe v. Gibson, 1 Har. & J., 447.* The ruling cannot, therefore, be assailed.—*Hosley v. Black, 28 N. Y., 438 ; Gardner v. Barden, 34 N. Y., 433, 438 ; Harger v. Edmonds, 4 Barb., 256.*

There are grounds for contending that if otherwise unobjectionable the evidence was not applicable under a correct view of the statute referred to, but as that point does not require to be decided, I prefer to pass it.

As no error is shown, the judgment must be affirmed, with costs.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.

Afterwards, on May 6, 1874, the plaintiffs in error moved in this case and the case next following it, for a stay of proceedings, upon a showing which is sufficiently set forth in the following opinion.

*Champlin, Butterfield & Fitzgerald,* for the motion.

*James A. Rogers* and *Eggleston & Kleinhans, contra.*

COOLEY, J.

Motion is made in these causes for a perpetual stay of proceedings upon judgments rendered in this court in affirmance of judgments rendered by the circuit court for the county of Ottawa. The actions in which these judgments were given were brought upon replevin bonds given by the Jennisons, and one Pearsons, in certain suits brought by them against one Bailey, who, as an officer, had attached the property replevied at the suit of the defendants in error.

The following is a sufficient statement of the facts for the purposes of disposing of this motion:

The replevin suits were instituted June 19, 1867, and the property in controversy was taken and delivered to the

plaintiffs therein on the giving of the bonds on which these judgments were recovered. Bailey caused his appearance to be entered in the suits, and on October 17, 1867, took the default of the plaintiffs for want of declaration. February 26, 1868, judgment for a return of the property was entered against the plaintiffs on this default. April 22, 1868, plaintiffs' attorney entered a motion to set aside these judgments, but never called it up. February 4, 1869, writs *de retorno* were issued on the judgments, which were returned by the officer April 20, 1869, that he had made demand for the property, without effect, and had levied upon goods and chattels to satisfy the costs, and further, that on said 20th day of April, 1869, he was served with notice that writs of error had been taken out and bonds given staying proceedings. These bonds appear to have been signed by the Jennisons in person. The writs of error were not prosecuted to effect, but in March, 1872, were dismissed on motion of defendants in error. Those parties then took from Bailey assignments of the replevin bonds, and about the 1st of August, 1872, brought suits thereon, which were defended by the Jennisons by new attorneys. While these suits were at issue and ready for trial, on May 29, 1873, the defendants filed their bill in equity to set aside the original judgments, alleging that they had been obtained in consequence of the negligence and fraudulent conduct of their attorney, and by means of fraud and misinformation on the part of the defendants in error, whose conduct they profess to set out in detail, and averring that they had been wholly ignorant of such judgments until on or about May 15, 1873. A preliminary injunction was granted on this bill, but on the coming in of defendants' answer, a motion was made to dissolve the same, and the court dissolved it. The suits on the replevin bonds proceeded to judgment in the circuit court, and were then removed by the defendants to this court by writs of error, and the judgments affirmed during the present term, after full argument on their behalf. While these cases

were pending in this court, and while the suit in chancery was still pending in the circuit court, the complainants in that suit, in August, 1873, presented to the circuit court affidavits setting out in detail the various fraudulent and negligent acts and omissions charged against their attorney and against the defendants in error, and upon these moved the court to set aside the original judgments, which had been rendered five years and a half before. The court took the motions under advisement, and on April 10, 1874, more than six years after the judgments were rendered, set them aside. And now we are asked to stay all proceedings on the judgments on the replevin bonds which we have just affirmed, on the ground that the judgments in the original suits having been set aside, the foundation for the suits on the bonds has been taken away.

This statement of the facts will show how extraordinary the case is. Here are judgments set aside on mere motion after a period has elapsed sufficient under the statute to bar all remedy on ordinary demands, on the affidavit of parties that they were wholly ignorant of the judgments having been rendered for more than five years, though various proceedings in the mean time had been taken in their name to avoid them, in the course of which they had personally signed bonds in error, and unless officers have made false returns, they had been served first with executions, and afterwards with process in new suits which were begun to obtain satisfaction of these judgments. We must say that if during all these proceedings these parties were actually as ignorant of what was going on as they now claim to have been, it is the most remarkable case of inattention of parties to their legal business that we have ever been asked to excuse and relieve.

We have not, however, felt ourselves called upon to examine and express an opinion upon the facts set forth in the various affidavits presented upon this motion, because it seems clear to us that the circuit court was in error in supposing that it would be proper to relieve these parties

upon mere motion under the circumstances. While it is unquestionably true that a judgment obtained by fraud may be set aside on application by motion, provided such motion is made within a reasonable time, yet, where the fraud is denied, and especially after the lapse of any considerable time, it must be manifest to any legal mind that the remedy by motion is not the most suitable to be adopted, but that resort should be had to an original suit, in which a distinct issue would be made by pleadings, and parties have opportunity to take their evidence in the customary mode upon oral examination of witnesses, instead of the very unsatisfactory method of presenting it on *ex parte* affidavits, as has been done here, and would also have opportunity for the customary and regular review in an appellate court. Such a suit was resorted to in these cases, and the plaintiffs in error prosecuted it to a stage at which an important ruling was made against them, and then abandoned it to make this motion. Without undertaking to decide whether they ought or ought not to have been allowed this remedy after so great a lapse of time, we are agreed that the circuit court was too indulgent to these parties in permitting them to present their case by motion after they had already elected another and more suitable remedy, had brought the defendants in error before the court to contest their charges, and actually had a preliminary hearing on a presentation by the respective parties of the facts they relied upon. The litigation between the parties was already threatening to become interminable; and while all presumptions favored the correctness of the adjudications which were sought to be set aside, we think the plaintiffs in error, after electing one remedy, and after making considerable progress towards bringing their complaints to a final hearing, were not at liberty to abandon that suit, and begin new proceedings of a different nature, which must inevitably give new occasions for delay, and which would end, no one could imagine when, or in what

court, or after what further experiments with judicial process.

Under the circumstances, the motion for a stay of proceedings must be denied, with costs.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.