———o———

## WILLIAM STIMER v. HARRY ALLEN.

*Replevin—Bond—Judgment for return—Liability of surety.*

A surety in a replevin bond, who acted as agent for the plaintiff in the issuance of the writ by the justice, and in the seizure of the property, which was delivered to the plaintiff, cannot escape liability in a suit on the bond for a failure to return the property pursuant to a judgment for such return by showing that no affidavit was filed with the justice before the writ was issued. *Jennison v. Haire,* 29 Mich. 207.

Error to Jackson. (Peck, J.) Argued October 8, 1891. Decided October 30, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Michael Kenny* (*A. E. Hewett,* of counsel), for appellant.

*Dwight D. Root,* for plaintiff.

LONG, J. This action was commenced in the Jackson circuit court on a replevin bond, where plaintiff had judgment under the direction of the court for the sum. of $147. Defendant brings error. The bond was given in a replevin suit which was commenced before a justice of the peace, and is in the usual form of replevin bonds.

The defendant pleaded the general issue, and gave notice—

1. That the bond was not signed until the return-day of the writ of replevin.

2. That there was no affidavit filed with the justice before the writ of replevin was issued.

3. That the justice for this reason had no jurisdiction to issue the writ, and therefore the bond was void.

Upon the trial of the case in the circuit court, it appeared, and without contradiction, that the bond was signed by the defendant before the writ of replevin was issued. It was a matter in dispute, however, upon the trial, whether any affidavit in replevin was made before the issue of the writ.

The history of the replevin suit before the justice is that on August 1, 1888, Allen, the defendant, went before Albert M. James, a justice of the peace, and, acting as the attorney and agent for one Nicholas Kress, caused a writ of replevin to be issued in favor of said Kress against Stimer, the plaintiff in this suit. The bond upon which this action is brought was signed by Allen that day as surety for Kress, the plaintiff in that suit. Kress was not present before the justice. The justice testified

in the present case that he drew the affidavit for the writ in Kress' name, which was signed by Allen for Kress. This, however, is denied by Allen. On the return-day of the writ before the justice, Kress and Allen were present, and Kress then signed the bond. The surety did not justify his responsibility. Stimer, the plaintiff in this suit and the defendant in the replevin suit, appeared specially before the justice, and moved to quash the proceedings for want of jurisdiction, upon the ground, among others, that no bond was given before the issuing of the writ. These objections were overruled, and the plaintiff had judgment.

The writ of replevin had ·been served by an officer, and the property described in the writ, a stack of wheat and a stack of rye, replevied and turned over to the plaintiff in the writ. The defendant in that suit, after the rendition of the judgment, filed his affidavit and bond for a general and special appeal to the circuit court. The appeal came on to be heard in the circuit court, and the plaintiff in the writ, Mr. Kress, by his attorney admitted that the allegations were well taken; whereupon the circuit court reversed the judgment of the court below, and entered judgment for the defendant in the writ for a return of the property. The property was not returned, and this action was commenced upon the bond.

The case as presented by defendant's counsel is that, although the defendant, acting as the agent and attorney for Kress in the replevin suit, took the property, or caused it to be taken, and delivered over to Kress, and for that purpose signed the bond in controversy, Kress may still hold the property, and · he, as surety on the bond, escape all liability. Treating the writ of replevin as void by reason of no sufficient affidavit having been filed and no sufficient bond given, yet the justice had jurisdiction upon the return-day of the writ to order

return of the property, and, upon failure of the plaintiff in the writ so to return it, an action upon the bond could be maintained.

The bond given in this case was one of the instrumentalities by which the plaintiff in the suit was enabled to obtain possession of the property. Allen, the defendant in the present suit, was an active agent in procuring the writ to be issued and the property taken, and he is surety in the bond. The express condition of the bond is that, if the defendant recovers judgment against the plaintiff in the replevin suit, he will return the property described in the writ, if return thereof be adjudged. This condition in the bond has not been kept and performed. It is for a breach of this that the action is brought. The defendant in the writ had judgment in his favor in the circuit court for a return of the property, and the court in the present action was not in error in directing a verdict in favor of the plaintiff.

In *Jennison v. Haire,* 29 Mich. 207, 214, it was said by the Court:

"The proceedings in the replevin suit, including the bond in question, constituted the machinery by which the property was taken,   *   *   *   and the parties who promoted and managed those proceedings cannot set up that they got the property without an affidavit, or committed other similar irregularities, in order now to defeat a suit on the bond."

We find no error in the record, and the judgment will be affirmed, with costs.

The other Justices concurred.