STAFFORD *v.* BAKER.

1. Replevin—Bonds—Suit—Plea—Effect.

> A plea of the general issue to a declaration on a replevin bond admits the due execution and delivery of the bond.

2. Same—Sureties—Defenses Available.

> The surety on a replevin bond under which the property was taken cannot, when sued on the bond, defend on the ground that it was a supplemental bond and that no order of the court was ever made requiring it to be filed.

3. Same—Bonds—Validity.

> Where the sheriff refuses to execute a writ of replevin because of insufficient surety on the bond, whereupon plaintiff produces another bond with an additional surety, under which the property is taken, the bond is valid as against the surety, though no order was made requiring it to be filed.

4. Same—Judgment—Conclusiveness.

> In an action on a replevin bond, the judgment for defendant in the replevin suit is conclusive on the questions whether the property was delivered to the plaintiff in replevin and whether the defendant in replevin had been damaged.

5. Same—Liens—Satisfaction.

> Where a foreclosure and sale of property under a chattel mortgage appear to have been completed on January 5, 1903, while the trial of a replevin suit to recover the property covered by the mortgage occurred in February, 1903, the judgment in the replevin suit is conclusive against an objection that the mortgagee, by foreclosure of his mortgage, had satisfied his lien, which constituted a release of the replevin bond.

6. Same—Pleading—General Issue—Special Notice.

> In an action on a replevin bond, an objection that the defendant in replevin had, by foreclosing a chattel mortgage on the property, satisfied his lien, and thereby released the bond, cannot be raised under the general issue, but should be made the subject of a special notice.

Error to Oakland; Smith, J.   Submitted May 12, 1905.
(Docket No. 146.)   Decided July 21, 1905.

Debt by Davis Stafford against George T. Baker and
others upon a bond.   There was judgment for plaintiff on
a verdict directed by the court, and defendant Baker brings
error.   Affirmed.

*James H. Lynch,* for appellant.

*Davis & Bromley,* for appellee.

BLAIR, J.   Plaintiff brought this action in the Oakland
circuit court to recover the penalty in a replevin bond exe-
cuted by Joseph Rowley as principal, and defendant Baker
and one Eaton as sureties.

The bond was filed in a suit in replevin commenced by
Rowley in justice's court to obtain possession of a quan-
tity of wood upon which Stafford had a chattel mortgage,
under which he was holding the wood.   The affidavit and
a bond signed by Eaton as surety were filed with the jus-
tice and the writ issued December 2, 1902.   Eaton, the
surety on the bond, justified his responsibility under oath,
but no approval was indorsed on the bond by the justice.
The writ was delivered to Deputy Sheriff Burns for execu-
tion, who notified Rowley, the plaintiff in replevin, that
he did not consider Eaton a responsible surety, and that
he would not serve the papers unless a new and sufficient
bond was furnished.   Thereupon Rowley caused a new
bond to be prepared, which was executed by himself and
Eaton and by the appellant herein, Baker, and justified
and approved December 6, 1902.   Upon receiving notice
of the filing of the new bond, Burns proceeded with the
execution of the writ.   The officer's return of service is as
follows:

"By virtue of the within writ, I have this day replevied
and delivered to the plaintiff within named the goods
and chattels specified, as I am within commanded, and I
have also this day summoned the within defendant to ap-

pear according to the exigency of said writ by delivering to the said defendant personally a copy of said writ."

Rowley recovered judgment in justice's court, from which Stafford appealed to the circuit court, where a verdict was rendered in his favor, finding that there was due and unpaid upon his chattel mortgage the sum of $385, for which amount and costs he had judgment. This judgment was entered February 20, 1903, and the costs were taxed March 3, 1903, at the sum of $87.35. No appeal was ever taken from this judgment. Execution was issued March 4, 1903, which was returned nulla bona. Thereupon Stafford began this suit by summons, the date of which does not appear in the record. The declaration bears date April 9, 1903, and counts upon the bond. To this declaration the defendant Baker, who alone made defense, pleaded the general issue. The trial judge directed a verdict in favor of the plaintiff, and defendant brings the record to this court for review upon writ of error.

Counsel for defendant and appellant relies for a reversal entirely upon his assignment of error based upon the direction of a verdict. Counsel alleges that the court erred for the following reasons:

"(1) The bond which formed the basis for the proceedings in the replevin suit was the first bond filed. There was no order made by the court for the issuing of a new bond. So it never was in fact a legal bond in the replevin proceedings.

"(2) The property in this case never having been delivered by the officer to Rowley under the replevin proceedings, the plaintiff has not been damaged, and consequently cannot maintain his action on the bond.

"(3) Davis Stafford, having foreclosed his chattel mortgage, must be held to have satisfied his lien; and inasmuch as the judgment in the circuit court, upon which this action is based, was given him because of his lien, the satisfaction of the lien must be held to release the bond."

1. The defendant Baker, by his plea, admits the execution and delivery of the bond; the property was taken by

virtue of this bond; and the trial judge properly held that the bond was valid. *Stimer* v. *Allen,* 88 Mich. 140.

2. The judgment in the replevin suit, not having been appealed from, is conclusive upon this point.

3. The foreclosure of and sale under the chattel mortgage, as shown by the bill of complaint in certain chancery proceedings introduced in evidence, which is the only evidence upon the subject of the date of the sale, appear to have been completed on the 5th day of January, 1903, while the trial of the replevin suit occurred in February, 1903. The question raised is therefore precluded by the judgment of February 20, 1903. But even if the question were not disposed of by the judgment, it could not be raised under the plea of the general issue, but should have been the subject of a special notice.

We think the learned trial judge was clearly correct in his disposition of the case, and the judgment is affirmed, with costs.

MOORE, C. J., and CARPENTER, McALVAY, and MONTGOMERY, JJ., concurred.